UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAVONE BROWN,

                           Plaintiff,                         VERIFIED
                                                          COMPLAINT AND
        -against-                                               JURY TRIAL

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER "JOHN DOE"
#1 THROUGH "JOHN DOE" #4 (first name being fictitious),
first name presently unknown, person more accurately
described in the complaint herein, POLICE OFFICER "JANE
DOE" #1, (names being fictious) name presently
unknown, person more accurately described in the
compliant herein, AND NEW YORK CITY POLICE
SERGEANT "JOHN DOE" #1 (first name being fictitious),

                                   Defendants.
------------------------------------------------------------------X

       Plaintiff, JAVONE BROWN, by his attorney, WALTER JOHN THOMPSON, complaining of the Defendants herein, respectfully alleges, upon information and belief, as follows:

## INTRODUCTION

1. This is a civil rights action brought by Plaintiff, JAVONE BROWN, to seek relief for the Defendants' violations of his rights secured by 42 U.S.C. §§1983, 1988, and the rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, and such other relief as this Court deems equitable and just.

2. The claims arise from a July 4, 2018 incident in which Officers of the New York Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Plaintiff to an unlawful seizure and seizure, battery, deprivation of liberty, excessive force, cruel and unusual punishment and malicious prosecution.

3. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, as well as attorney's fees, for unlawful search and seizure, battery, deprivation of liberty, malicious prosecution, excessive force, cruel and unusual punishment and other violations of Plaintiff's constitutional rights as detailed below.

4. The individual Defendants are sued in their individual capacities a well as in their capacities as employees of Defendant, The City of New York, and its NYPD.

## JURISDICTION

5. Jurisdiction is founded upon 28 U.S.C. §§§§ 1331, 1342, 1367, 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in said judicial district.

## JURY TRIAL DEMAND

7. Plaintiffs hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

8. At all times relevant hereto, Plaintiff, JAVONE BROWN, was and is a natural person and citizen of the United States, and a resident of the State of New York, New York County.

9. Defendant City of New York ("the City") is a municipal corporation duly incorporated and authorized under the laws of the State of New York pursuant to § 431 of its Charter. The City of New York is authorized under the laws of the State of New York to maintain a police department, the New York Police Department ("NYPD") which acts

as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. At all relevant times, the City of New York and its NYPD hired, employed, supervised and controlled the individual Defendants.

11. Defendant POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4 (first name being fictitious), first name presently unknown, person more accurately described in the complaint herein, is and/or were at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. Police Sergeant JOHN DOE#1 were duly appointed and acting as a police officers of the NYPD. POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4 are sued in thier individual and official capacities.

12. Defendant POLICE OFFICER "JANE DOE"#1, (names being fictious) name presently unknown, person more accurately described in the compliant herein is and/or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. She is duly appointed and acting as a police officer of the NYPD. POLICE OFFICER "JANE DOE"#1 is sued in her individual and official capacities.

13. Defendant, Police Sergeant JOHN DOE#1 (names being fictious) name presently unknown, person more accurately described in the compliant herein, is and/or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. Police Sergeant JOHN DOE#1 is duly appointed and acting as a police officer of the NYPD. Police Sergeant JOHN DOE#1 is sued in his individual and official capacities.

14. All named Defendant Officers were, at all relevant times herein, on duty with the NYPD on July 4, 2018.

15. At all times relevant herein, all named Defendant Police Officers were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City and/or the NYPD in engaging in the conduct described herein. At all times relevant herein, the individual Defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incident to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

## STATEMENT OF FACTS

16. Plaintiff, JAVONE BROWN, is an African-American male and resident of the State of New York, New York County.

17. On or about July 4, 2018, at approximately 10:00 P.M., at the corner of 9th Street and Avenue D in New York County, Plaintiff was the passenger in a vehicle when said vehicle was stopped by, Defendants POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE"#1, and POLICE SERGEANT JOHN DOE#1. Defendant POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE"#1, and POLICE SERGEANT JOHN DOE#1 falsely represented to Plaintiff that Defendant Officers possessed an arrest warrant for Plaintiff. Plaintiff was subsequently arrested and detained by Defendant Officers.

18. During the course of Plaintiff's arrest, Plaintiff was physically assaulted by Defendant Officers, including being punched multiple times, kicked, and stepped on. As a result of the aforementioned physical assault by Defendant Officers, Plaintiff sustained substantial and serious bodily injury, including, *inter alia*, trauma to his chest, ribs, and right hand.

19. Following Plaintiff's aforementioned arrest and physical assault and battery, Plaintiff was, without reasonable suspicion or probable cause, subjected to an unlawful strip search and anal probe.

20. Plaintiff subsequently plead guilty to and was convicted of drug possession, and Plaintiff is currently incarcerated as a result.

21. The conduct of the individual Defendants in unlawfully restraining, searching, seizing, assaulting and arresting Plaintiff proximately caused physical, emotional and financial injury to him, as well as serious physical and emotion pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment and deprivation of Plaintiff's constitutional rights. Plaintiff suffered trauma, debasement and humiliation as a result of being assaulted, detained and arrested, unlawfully, without any cause.

22. At all times relevant herein, the individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being by unlawfully restraining, seizing, and assaulting Plaintiff.

23. The actions of the individual Defendants, as set forth herein, were the result of the failure of the NYPD to properly train, supervise and discipline its officers, including Defendant POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4,

POLICE OFFICER "JANE DOE"#1, and POLICE SERGEANT JOHN DOE#1. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of Defendant City of New York and its NYPD. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of the individual Defendants.

24. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of his rights.

25. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

26. The constitutional abuses and violations by Defendant City of New York, through the actions of its NYPD and all other named Defendant police officers, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of New York.

27. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or using excessive force against individuals.

28. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

29. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

30. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

**FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE" #1 and POLICE SERGEANT "JOHN DOE" #1 OF THE NEW YORK CITY POLICE DEPARTMENT FOR VIOLATAITON OF PLAINTIFFS RIGHT TO BE FREE FROM UNRESONALBLE SEARCHES AND SIEZURES UNDER THE FORTH, FIFTH AND FOURTEENTH AMENDEMENTS TO THE UNITED STATES CONSTITUTIONAL PREDICATED UPON FALSRE ARREST IMPRISIONMENT AND CONFINEDEMENT**

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" as if more fully set forth at length herein.

32. As a result of the aforedescribed actions including the arrest, imprisonment and confinement of plaintiff without probable cause, the defendants **POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE" #1, and POLICE SERGEANT JOHN DOE#1** individually deprived plaintiff, of the *rights, privileges and immunities* secured by the Constitution and laws of the United States and the Fourteenth Amendment;

33. As a result of the aforedescribed actions, these defendants individually deprived plaintiff of the *right to be free from unreasonable search and seizures* secured by the constitution and laws of the United States and the Forth and Fourteenth Amendments.

34. As a result of the aforedescribed actions, these defendants individually deprived plaintiff of his *right to liberty* without due process of law secured by the constitution and laws of the United States and the Fifth and Fourteenth Amendments;

35. As a result of the aforedescribed actions, including the patently offensive physical conduct and threatening remarks made by defendants during the aforementioned seizure, arrest, confinement, and assault of plaintive these defendants individually deprived plaintiff of *Equal Protection under the law* secured by the Constitution and laws of the United States and the Fourteenth Amendment;

36. The aforedescribed constitutional violations are all actionable under an pursuant to 42 U.S.C. 1981, 1983, 1984, 1985, and 1986;

37. The aforedescribed acts of these defendants were intentional willful malicious performed with reckless disregard for and deliberate indifference to plaintiff's rights;

38. As a result of the foregoing, plaintiff has suffered damages;

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE" #1 and POLICE SERGEANT "JOHN DOE" #1 OF THE NEW YORK CITY POLICE DEPARTMENT FOR VIOLATION OF PLAINTIFFS RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE 4TH 5TH AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION PREDICTED UPON THE USE OF EXCESSIVE FORCE**

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "38" hereinabove as if more fully set forth at length here in.

40. As a result of the effort described actions, including the use of excessive physical force an intentional infliction of emotional harm upon the plaintiff comma the defendants PO John doe one through John doe 4 Jane doe one Anne individually deprived plaintiff Siobhan Brown of the rights privileges and immunity secured by the constitution and the laws of the United States and the 14th amendment

41. The acts of the individual Defendants, under color of state law, in arresting Plaintiff, physically assaulting, and battering against Plaintiff were racially motivated, undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to Plaintiff in violation of his constitutional rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Through these actions, Defendants are liable for violation of 42. U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

42. By their conduct, as described herein, Defendants are liable to Plaintiff under 42. U.S.C. §1983 for the violation, under color of state law, of the constitutional right to

be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

43. As a consequence of the individual Defendants' actions, Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by Defendants.

44. Further, the individual Defendants failed to intervene in order to prevent their co-defendants from violating the rights of Plaintiff.

45. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation and embarrassment.

46. As a result of the aforesaid unlawful acts by Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE" #1 and POLICE SERGEANT "JOHN DOE" #1 OF THE NEW YORK CITY POLICE DEPARTMENT FOR UNREASONABLE SEARCH AND SEIZURE (42. U.S.C. §1983, Fourth and Fourteenth Amendments)**

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "46" as if more fully set forth at length herein.

48. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from unreasonable searches and seizures as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42

U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

49. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation, and embarrassment.

50. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE" #1 and POLICE SERGEANT "JOHN DOE" #1 OF THE NEW YORK CITY POLICE DEPARTMENT FOR MALICIOUS PROSECUTION
(42. U.S.C. §1983, Fourth and Fourteenth Amendments)**

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "50" as if more fully set forth at length herein.

52. By their conduct, as described herein, and acting under color of state law, Defendants are liable to each Plaintiff under 42 U.S.C. § 1983 for violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

53. Defendants' unlawful actions were done willfully, knowingly, with malice and with specific intent to deprive Plaintiff of his constitutional rights. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution.

54. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, severe physical, mental and emotional injury along with severe pain, mental anguish, suffering, humiliation and embarrassment.

55. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE" #1 and POLICE SERGEANT "JOHN DOE" #1 OF THE NEW YORK CITY POLICE DEPARTMENT FOR CRUEL AND UNUSUAL PUNISHMENT (42. U.S.C. §1983, Eighth and Fourteenth Amendments)**

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "55" as if more fully set forth at length herein.

57. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from cruel and unusual punishment as required by the Eighth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

58. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including severe physical, mental and emotional injury and pain, as well as severe mental anguish, suffering, humiliation, and embarrassment.

59. By reason of the aforesaid unconstitutional and illegal acts taken against them by the individual Defendants, Plaintiff has been damaged in the amount of Ten Million ($10,000,000.00) Dollars.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF AGAINST DEFENDANTS POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE" #1 and POLICE SERGEANT "JOHN DOE" #1 OF THE NEW YORK CITY POLICE DEPARTMENT FOR (Monell Claim)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" hereinabove as if more fully set forth at length herein.

61. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights which caused the violation of such rights.

62. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

63. The constitutional abuses and violations by Defendant City of New York, through the actions of its Police Department and all named Defendants, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen

complaints of police misconduct, and instead, acts of misconduct were tolerated by the City of New York.

64. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully assaulting, battering, searching, seizing, and exercising excessive force against individuals, without reasonable or lawful justification.

65. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution.

66. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated which has caused him to suffer severe physical, mental and emotional injury and pain, in addition to severe mental anguish, suffering, humiliation and embarrassment.

67. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

68. By reason of the aforementioned unlawful acts of Defendants, Plaintiff has been damaged in the sum of Ten Million ($10,000,000.00) Dollars.

WHEREFORE, Plaintiff, JAVONE BROWN, demands judgment against Defendants, POLICE OFFICER "JOHN DOE" #1 THROUGH "JOHN DOE" #4, POLICE OFFICER "JANE DOE" #1 and POLICE SERGEANT "JOHN DOE" #1 OF THE NEW YORK CITY POLICE DEPARTMENT as follows:

a) On the first cause of action:   Ten Million ($10,000,000.00) Dollars;

b) On the second cause of action: Ten Million ($10,000,000.00) Dollars;

c) On the third cause of action:   Ten Million ($10,000,000.00) Dollars;

d) On the fourth cause of action:  Ten Million ($10,000,000.00) Dollars;

e) On the fifth cause of action:   Ten Million ($10,000,000.00) Dollars;

f) On the Sixth cause of action:   Ten Million ($10,000,000.00) Dollars

g) Award Plaintiff punitive damages;

h) Award attorney's fees pursuant to 42 U.S.C. § 1988;

i) Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and,

j) Award such other and further relief as this Court may deem appropriate and equitable.

Dated:   New York, New York
         July 2, 2020

                                    Walter John Thompson, Esq.
                                    Thompson Law, P.C.
                                    Attorney for Plaintiff
                                    250 West 57th Street, Suite 1632
                                    New York, NY 10107
                                    (646) 670-1672

## ATTORNEY VERIFICATION

WALTER J. THOMPSON being an attorney duly licensed to practice law in the State of New York, attorneys of record for the plaintiff, hereby affirms the truth of the following statements, all under penalty of perjury:

That affirmant has read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, this entire SUMMONS AND VERIFIED COMPLAINT, being based upon information and belief the source thereof being the investigation conducted and the file maintained in this office, and as to those matters affirmant believes it to be true; the reason that this verification is not made by plaintiff is that plaintiff does not reside in the county of New York wherein affirmant maintains an office.

Dated:  New York, New York
        July 2, 2020

_____
WALTER J. THOMPSON